Christina A. Rankin, Esq.
Guess & Rudd P.C.
1029 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501
(907) 793-2200 Telephone
(907) 793-2299 Facsimile
E-mail:  crankin@guessrudd.com

Attorneys for Solara, LLC


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| EILEEN JOHNSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | United States District Court No. |
| vs. | ) | Case No. 3:18-cv-00203-JWS |
| | ) | |
| SOLARA, LLC d/b/a SOLARA SKIN | ) | |
| AND LASER CENTER, | ) | Superior Court Case No. |
| | ) | Case No. 3AN-18-07476 CI |
| Defendant. | ) | |
| | ) | |

NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, defendant Solara, LLC

("Solara"),  by and through its attorneys, Guess & Rudd P.C., hereby removes to this

court the state court action described below.

//

//


Notice of Removal
Eileen Johnson v. Solara, LLC, Case No. 3:18-cv-00203-JWS
Page 1 of 7

## 1.    Introduction

On June 22, 2018, plaintiff Eileen Johnson ("Plaintiff") filed suit against Solara in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, entitled Eileen Johnson v. Solara, LLC d/b/a Solara Skin and Laser Center, Case No. 3AN-18-07476 CI (hereinafter "the Complaint").  In her Complaint, plaintiff raised claims under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (the "FLSA"), the Alaska Wage and Hour Act, AS 23.10.050 et seq. ("AWHA"), and the Age Discrimination in Employment Act, 29 U.S.C. § 623 ("ADEA").[1]

The Complaint alleges that Solara violated the FLSA and AWHA by improperly classifying plaintiff as an exempt employee and failing to pay her overtime.[2] The Complaint further alleges that Solara violated the ADEA by treating her in a disparate manner based on her age and by terminating her employment.[3]  Plaintiff seeks over $300,000 in unpaid wages, punitive damages, emotional distress damages, and costs and attorney's fees.[4]

The District Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a).  This Notice of Removal is filed within the 30-day window provided

---

[1] See Exhibit A, Complaint at pp. 4-6.

[2] See id. at pp. 4-6.

[3] Id. at ¶¶ 3.17-3.18.

[4] Id. at p. 7.

under 28 U.S.C. § 1446(b), as Solara was served with the Summons and Complaint on or about August 10, 2018.  Solara has, simultaneously with this filing, also filed its Notice of Removal in the Superior Court for the State of Alaska, Third Judicial District at Anchorage.

## 2. Argument

A.    The Court Has Original Jurisdiction
       Because the Complaint Raises a Federal Question

Pursuant to 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Plaintiff's Complaint raises claims under two federal laws—the FLSA and the ADEA.  District courts within the Ninth Circuit have routinely held that they maintain federal question jurisdiction pursuant to 28 U.S.C. § 1331 over both FLSA and ADEA claims.[5]

---

[5] Webster v. Pub. Sch. Emples. of Wash., Inc., 247 F.3d 910, 913 (9th Cir. 2001) ("Webster filed a complaint in the Superior Court of Washington for King County against PSE claiming overtime wages under the FLSA [state law]. [Defendant]  removed the case to the United States District Court for the Western District of Washington, which had jurisdiction pursuant to 28 U.S.C. § 1331 (federal question)"); Grosz v. Farmers Ins. Exch., 2010 U.S. Dist. LEXIS 137748, at *2 (D. Or. Nov. 9, 2010) ("The court has federal question jurisdiction for the First Claim arising under FLSA under 28 USC § 1331…"); Whitlock v. Am. Family Mut. Ins. Co., 2016 U.S. Dist. LEXIS 5290, at *1-2 (D. Or. Jan. 15, 2016) ("This court has federal question jurisdiction over the FLSA claim pursuant to 28 USC § 1331 and supplemental jurisdiction over the state law claim pursuant to 29 USC §1367. "); Gessele v. Jack in the Box, Inc., 2013 U.S. Dist. LEXIS 51941, at *42 (D. Or. Jan. 28, 2013) ("The FLSA claims confer jurisdiction in this court under 28 USC § 1331.")  See also Bahri v. Home Depot USA, Inc., 242 F. Supp. 2d 922, 928 (D. Or. 2002) ("This court has jurisdiction over plaintiffs' ADEA and Title VII claims pursuant to 28

Case 3:18-cv-00203-JWS   Document 1   Filed 09/10/18   Page 3 of 7

Given that the Complaint implicates questions of federal law related to two separate federal acts, it is facially evident from the Complaint that the lawsuit is subject to removal on the basis of federal question jurisdiction.[6]

B.      This Court Has Original Jurisdiction Under 28 U.S.C. § 1441

This court also has original jurisdiction over plaintiff's FLSA and ADEA claims under 28 U.S.C. § 1441(a), and, thus, removal is appropriate.

28 U.S.C. § 1441(a) provides,

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

29 U.S.C. § 216(b) of the FLSA provides that an action "may be maintained . . . in any Federal or State court of competent jurisdiction."  In Breuer v. Jim's Concrete

---

USC § 1331, and supplemental jurisdiction over plaintiffs' state law claims under 28 USC § 1367(a)."); Flemming v. City of Portland, 2000 U.S. Dist. LEXIS 833, at *1-2 (D. Or. Jan. 5, 2000) ("Flemming alleges race discrimination under Title VII of the Civil Rights Act of 1964, 42 USC § 2000e("Title VII"), and age discrimination under the Age Discrimination in Employment Act, 29 USC § 621, *et seq.* ("ADEA"). This court has federal question jurisdiction under 28 USC § 1331.").

[6] Importantly, the fact that plaintiff has also brought a state law claim does not destroy or undermine original jurisdiction.  See Garcia v. Gallo, 2018 U.S. Dist. LEXIS 118069  (D. Alaska Feb. 7, 2018) ("Plaintiff Miguel Garcia filed a complaint in Alaska state court in December 2016 against Wilfredo Gallo, Taco Valley, Inc., Taco Azteca, Inc., and John Does 1-3. In his complaint, Plaintiff asserted that he was denied overtime compensation by Defendants in violation of the Alaska Wage and Hour Act ("AWHA") and the Fair Labor Standards Act ("FLSA"). Defendants removed the matter to federal court on the basis that the complaint included a claim under the FLSA.").  See also Webster, Whitlock and Bahri, *supra*, fn. 5.

of Brevard, Inc., 538 U.S. 691, 123 S. Ct. 1882 (2003), the Supreme Court upheld the defendant's removal of an action involving an FLSA claim under the provisions of § 1441(a) and § 216(b). The Supreme Court stated:

> The FLSA provides that an action "may be maintained . . . in any Federal or State court of competent jurisdiction," § 216(b), and the district courts would in any event have original jurisdiction over FLSA claims under 28 USC § 1331 [28 USCS § 1331], as "arising under the Constitution, laws, or treaties of the United States," and § 1337(a), as "arising under any Act of Congress regulating commerce." Removal of FLSA actions is thus prohibited under § 1441(a) only if Congress expressly provided as much.[7]

Likewise, the ADEA confers original jurisdiction in this court pursuant to 29 U.S.C. § 626(c)(1), which states, "Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter…" As with FLSA claims, there is no prohibition against removal pursuant to § 1441(a):

> Examining the specific language contained in ADEA, we note that Congress chose to use the words, " ... may bring a civil action in any court of competent jurisdiction ... ." 29 U.S.C. § 626(c)(1). This language clearly suggests that a plaintiff may institute suit based on the ADEA in either state or federal court…In short, we find no express prohibition against removal pursuant to 28 U.S.C. § 1441(a).

---

[7] Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 694, 123 S. Ct. 1882, 1884 (2003).

Notice of Removal
Eileen Johnson v. Solara, LLC, Case No. 3:18-cv-00203-JWS
Page 5 of 7

Baldwin v. Sears, Roebuck & Co., 667 F.2d 458, 461 (5th Cir. 1982). Rather, Ninth

Circuit courts and other district courts have allowed removal of ADEA claims pursuant to

§ 1441(a).[8]

Because plaintiff's FLSA and ADEA claims vest this court with original

jurisdiction, removal is appropriate under 28 U.S.C. § 1441(a).

3.    Conclusion

Because plaintiff's FLSA and ADEA claims implicate federal law, and the

provisions of both the FLSA and ADEA vest this court with original jurisdiction under 28

U.S.C. § 1441(a), removal is appropriate. Solara respectfully requests that this court

assume full jurisdiction over this lawsuit.

DATED at Anchorage, Alaska, this 10th day of September, 2018.

GUESS & RUDD P.C.
Attorneys for Solara LLC


By:    /s Christina A. Rankin
        Christina A. Rankin, AK Bar No. 0306034

---

[8] Goodner v. Casino M8trix, Inc., 2013 U.S. Dist. LEXIS 126350, at *4 (N.D. Cal. Sep. 4, 2013);
Capone v. Elec. Boat Corp., 2006 U.S. Dist. LEXIS 91603, at *5 (D. Conn. Dec. 18, 2006)
("This court clearly has original jurisdiction over the ADEA claims in pursuant to 28 U.S.C. §
1331, and thus removal of the federal civil rights claim was proper under 28 U.S.C. § 1441(a).");
Cotton v. City of Hillsboro, No. W-08-CA-115, 2008 U.S. Dist. LEXIS 127241, at *3 (W.D.
Tex. June 25, 2008) ("Removal is proper for "[a]ny civil action of which the district courts have
original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of
the United States . . . ." 28 U.S.C. 1441 (a). This includes actions such as Plaintiff's, which are
based on Title VII and the ADEA.").

Guess & Rudd P.C.
1029 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
Phone:  (907) 793-2200
Fax:  (907) 793-2299
E-mail:  crankin@guessrudd.com

CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September,
2018, I mailed a true and correct copy of the
foregoing document to:

Isaac Zorea, Esq.
P.O. Box 210434
Anchorage, AK 99521

Guess & Rudd P.C.


By:_____/s/ Christina A. Rankin_____
F:\DATA\6623\1\Pleadings\Notice of Removal (USDC).doc

Notice of Removal
Eileen Johnson v. Solara, LLC, Case No. 3:18-cv-00203-JWS
Page 7 of 7