IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

Eileen Johnson )
Plaintiff(s), )
)
vs. )
)
Solara, LLC, dba Solara Skin and ) CASE NO. 3AN-18-07476 CI
Laser Center )
)
Defendant(s). ) SUMMONS AND
) NOTICE TO BOTH PARTIES
) OF JUDICIAL ASSIGNMENT

To Defendant: Solara, LLC

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) Isaac Zorea, whose address is: PO Box 210434, Anchorage, AK 99521.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.courts.alaska.gov/forms.htm, to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

## NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[X] This case has been assigned to Superior Court Judge RINDNER and to a magistrate judge.

[ ] This case has been assigned to District Court Judge _____.

CLERK OF COURT

Date: JUNE 22, 2018    By: _____ Deputy Clerk

I certify that on 6/22/18 a copy of this Summons was [ ] mailed [X] given to
[ ] plaintiff [X] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order [ ] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _____

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

Exhibit A, page 1 of 8

CIV-100 ANCH (10/13)(st.3)
SUMMONS
Civil Rules 4, 5, 12, 42(c), 55

Case 3:18-cv-00203-JWS   Document 1-1   Filed 09/10/18   Page 1 of 8

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

Eileen Johnson, )
        Plaintiff, ) Case No. 3AN-18-07476 CI
)
Solara, LLC, dba Solara Skin and Laser Center, )
        Defendant. )

## COMPLAINT

COMES NOW, Eileen Johnson, the plaintiff above named, by and through her attorney, Isaac Derek Zorea, and complains as follows:

### I. JURISDICTION

1.1. At all relevant times, plaintiff, Eileen Johnson, resided in Anchorage, Alaska, Third Judicial District, State of Alaska.

1.2. At all relevant times, defendant, Solara, LLC, dba Solara Skin and Laser Center (Solara), has maintained significant business connections in Anchorage, Alaska, Third Judicial District, State of Alaska.

1.3. Venue properly rests within the Third Judicial District, State of Alaska.

### II. FACTS

2.1. For over ten years, plaintiff Eileen Johnson was employed for the defendant Solara.

2.2. During the relevant period of this lawsuit, Ms. Johnson held the title of Practice Manager, and was paid on a salary, plus commission.

2.3. Despite being given the job title of Practice Manager, Eileen Johnson did not meet the statutory definition of an exempt employee.

2.4. During all relevant times of her employment, Ms. Johnson's primary duties were not administrative, nor supervisory, instead her primary duty was providing services to clients and selling products, just like those that she allegedly supervised.

2.5. During, at least, the last three years of her employment at Solara, Eileen Johnson sold the most product for the company, and handled book keeping duties, performed bank deposits, and handled errands as needed for the benefit of her employer.

2.6. During all relevant times of her employment with Solara, covering at least the last three years of her employment, Eileen Johnson worked hours in excess of 40 hours per week or in excess of 8 hours per day – averaging over 60 hours of work each week.

2.7. Despite working overtime hours, Solara did not pay Ms. Johnson extra compensation for her overtime hours worked, even though it was clear that she did not meet the classification of an exempt employee, given that she was its top producing employee.

2.8. During the final year of her employment, covering 2017 and 2018, Ms. Johnson noticed that the CEO of Solara, Joe Saunders, began to treat newly hired employee, Trisha Torborg, who was under 40 years of age, in a significantly more favorable way than he treated Ms. Johnson.

2.9. At various times during 2017, Ms. Johnson pointed out to Mr. Saunders that Trisha Torborg would fail to clock in and out accurately, that she would leave whenever she felt like doing so, and would use Solara product without properly accounting for the product.

2.10. At several occasions during 2017, Ms. Johnson stated to Joe Saunders that Ms. Torborg's conduct was unethical and illegal. Ms. Johnson urged Mr. Saunders to discipline or terminate Ms. Torborg based on her unethical and illegal conduct.

2.11. Instead of disciplining Ms. Torborg, Mr. Saunders acted in a hostile and demeaning manner toward Ms. Johnson. In fact, during a November 2017 meeting, Mr. Saunders officially removed from Ms. Johnson the title of Practice Manager.

2.12. From about November 2017 until her termination from employment in February 2018, Mr. Saunders stated that Ms. Johnson was no longer the "Practice Manager" for Solara. However, during this time period, Ms. Johnson continued to work over 60 hours a week, and continued to receive the same salary pay, with no payment for overtime compensation.

2.13. While Joe Saunders ignored the illegal and unethical conduct of Trisha Torborg, he continued to harass and belittle Eileen Johnson, making fun of her devotion to the business and implying that she had mental problems and was old.

2.14. Finally, on or about February 28, 2018, Joe Saunders suddenly terminated the employment of Eileen Johnson, providing her no explanation and giving her no forewarning.

2.15. To date, Trisha Torborg, who engaged in very questionable conduct during her employment at Solara, remains employed, while Eileen Johnson, who was the top producing employee and most experienced employee was terminated.

2.16. It is alleged based on available facts that Trisha Torborg was, at all relevant times to this lawsuit under 40 years of age, and that Eileen Johnson, at all relevant times to this lawsuit was over 40 years of age.

2.17. After being terminated from employment, Eileen Johnson sent written notice to her employer, Solara, informing it that she had not been paid for her overtime labor.

2.18. As of this filing, Solara has refused to pay Eileen Johnson for her unpaid overtime hours.

2.19. Shortly after being terminated, Ms. Johnson filed a complaint of discrimination with the Equal Employment Opportunity Commission. To date, over thirty days has elapsed since her complaint had been filed, and no resolution has occurred.

## CAUSES OF ACTIONS

A. VIOLATION OF FAIR LABOR STANDARDS ACT OF 1938, AS AMENDED (29 USC § 201 et seq.).

3.1. Eileen Johnson incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.19.

3.2. Plaintiff Eileen Johnson alleges that at all relevant times during her employment with Solara, she was improperly classified as an exempt employee, even though her primary duties were clearly not supervisory.

3.3. Plaintiff Eileen Johnson alleges that during all relevant times during her employment with defendant, she worked hours in excess of 40 hours per week and greater than 8 hours per day – working on average 60 hours a week.

3.4. Plaintiff alleges that despite working overtime hours, she was never paid for her overtime work.

3.5. Plaintiff Eileen Johnson alleges during the prior three years, she worked nearly 3,120 hours of unpaid overtime hours, at an hourly rate of $40.34, plus commission.

Complaint: *Johnson v. Solara* — 4 of 7 —

3.6. Plaintiff Eileen Johnson alleges that defendant violated the provisions within the Fair Labor Standards Act when it failed to pay her for her 3,120 overtime hours.

3.7. For Solara's violations of the Fair Labor Standards Act, Plaintiff seeks all damages available under law, including unpaid overtime hours, prejudgment interest, liquidated damages and penalties, and actual attorney fees.

B. <u>VIOLATION OF ALASKA WAGE AND HOUR ACT (AS 23.10.050 et seq.).</u>

3.8. Eileen Johnson incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.19.

3.9. Plaintiff Eileen Johnson alleges that at all relevant times during her employment with Solara, she was improperly classified as an exempt employee, even though her primary duty was not managerial or supervisory.

3.10. Plaintiff Eileen Johnson alleges that during all relevant times during her employment with defendant, she worked hours in excess of 40 hours per week and greater than 8 hours per day – working on average 60 hours a week.

3.11. Plaintiff alleges that despite working overtime hours, she was never paid for her overtime work.

3.12. Plaintiff Eileen Johnson alleges during the last two years of employment, she worked over 2,080 hours of unpaid overtime hours, at $40.34 per regular hour of work, plus commission.

3.13. Plaintiff Eileen Johnson alleges that defendant violated the provisions within the Alaska Wage and Hour Act when it failed to pay her for her 2,080 overtime hours.

3.14. For Solara's violations of the Alaska Wage and Hour Act, Plaintiff seeks all damages available under law, including unpaid overtime hours, unpaid paid time off hours, prejudgment interest, liquidated damages and penalties, and actual attorney fees.

C. <u>DISPARATE TREATMENT ON THE BASIS OF AGE IN VIOLATION OF 29 U.S.C. § 623.</u>

3.15. Eileen Johnson incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.19, and alleges that defendant, Solara, violated the Age Discrimination in Employment Act.

3.16. Eileen Johnson alleges that at all times relevant to this lawsuit she was over forty years of age, and was performing her job duties to the expectation of her employers, receiving no significant progressive discipline or verbal counseling.

3.17. Eileen Johnson alleges that Joe Saunders, defendant's CEO and her direct supervisor, treated her is a disparate manner based on her age during her employment.

3.18. Plaintiff Eileen Johnson alleges that despite satisfactorily performing all her employer's reasonable expectations, she was terminated from her employment and an employee who was under 40 years old, with considerable less experience than she did, remained employed despite acting consistently in an illegal and unethical manner at the work place.

3.19. For Solara's violations of the Age Discrimination in Employment Act, Plaintiff seeks all damages available under law, specifically as outlined in 29 U.S.C. § 216(b), including back pay, future pay, actual attorney fees and prejudgment interest, and liquidated damages.

## PRAYER OF RELIEF

WHEREFORE, Plaintiff Eileen Johnson, requests judgment against defendant Solara, as follows:

1. Full and complete payment of all unpaid overtime compensation that Solara, failed to pay to Eileen Johnson for the hours she worked while being improperly classified as an exempt employee, which is an amount in excess of $300,000.00, with the exact amount to be determined at trial;

2. Payment by Solara of all penalties permitted against it, specifically pursuant to 29 U.S.C. § 216(b), and/or AS 23.05.140(d), but additionally any penalties and/or liquidated damages permitted under Federal or Alaska law.

3. Full and complete payment of all back wages, future wages, prejudgment interest, liquidated damages, and punitive damages caused when Solara, created a hostile work environment and treated in a disparate manner, Eileen Johnson because of her Age, in an amount within the jurisdictional limit of this court, with an exact amount to be proven at trial.

4. Actual reasonable attorney fees, pursuant to the Federal Fair Labor Standards Act, Alaska's Wage and Hour Act, 42 U.S.C. § 1981, and/or 29 U.S.C. § 626(b), and all permitted prejudgment interests on the unpaid wages.

5. Plaintiff seeks punitive damages and emotional distress damages in an amount to be decided at trial.

6. Plaintiff Eileen Johnson seeks such other relief as the court may deem just and proper based on the egregious nature of defendants' conduct.

Dated: June 22, 2018

Isaac D. Zorea
ABA No. 0011090
Counsel for Eileen Johnson

Complaint: *Johnson v. Solara* — 7 of 7 —