# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | |
|---|---|
| EILEEN JOHNSON, | ) |
| Plaintiff, | ) 3:18-CV-00203 JWS |
| vs. | ) ORDER AND OPINION |
| SOLARA, LLC d/b/a SOLARA SKIN AND LASER CENTER, | ) [Re: Motions at docs. 21, 26] |
| Defendant. | ) |

## I.  MOTION PRESENTED

At docket 21 Plaintiff Eileen Johnson ("Plaintiff") filed a motion to compel discovery from Defendant Solara, LLC ("Solara") arguing that Solara has refused to cooperate with her discovery requests by making generalized objections.  Solara responded at docket 25.  Plaintiff replied at docket 27.  Oral argument was requested at docket 26 but would not be of assistance to the court.

## II.  BACKGROUND

Plaintiff had been employed by Solara for over ten years before her termination in February of 2018.  During the relevant time period, Plaintiff held the position of Solara's "Practice Manager" and was paid a salary plus commission.  After her termination, she filed this lawsuit against Solara alleging labor law violations and age discrimination.  She alleges that "she was improperly classified as an exempt employee, even though her primary duties were clearly not supervisory" and consequently she was

never paid for her overtime work in violation of the Fair Labor Standards Act[1] and the Alaska Wage and Hour Act.[2] She also alleges that her supervisor "treated her [in] a disparate manner based on her age" in violation of the Age Discrimination in Employment Act.[3] Specifically, she alleges that her supervisor, Joe Saunders, treated new employee Trisha Torborg, who unlike Plaintiff was under 40, more favorably.

### III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 26(b)(1) "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."[4] Proportionality is determined by "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[5] Relevant information does not need to be admissible to be discoverable.[6] The court must limit the requested discovery if it is shown to be "unreasonably cumulative or duplicative"; if "the party seeking discovery has had ample opportunity to obtain the information"; or if needed to enforce the appropriate scope of discovery.[7]

On a motion to compel, the party seeking to compel discovery has the initial burden of establishing that her request satisfies the relevancy requirements of

---

[1] 29 U.S.C. § 201 *et seq.*

[2] AS 23.10.050 *et seq.*

[3] 29 U.S.C. § 623.

[4] Fed. R. Civ. P. 26(b)(1).

[5] *Id.*

[6] *Id.*

[7] Fed. R. Civ. P. 26(b)(2)(C).

Rule 26(b).[8] In turn, the party opposing discovery has the burden to demonstrate that discovery should not be allowed and must explain and support its objections with competent evidence.[9]

### IV.  DISCUSSION

Plaintiff propounded nine interrogatories and forty-three requests for production to Solara.  Solara responded by objecting to most all of the requested discovery based on a boilerplate assertion of irrelevance, vagueness, overbreadth, and privilege. After some correspondence between the parties, they were able to narrow the dispute to cover about twenty of Plaintiff's discovery requests.  The parties remain in conflict over the scope of Plaintiff's request for emails; what evidence is relevant and reasonable in relation to the issue of Plaintiff's job duties; what is discoverable with regard to other employees' time and pay; and whether financial information about Solara is relevant.

***Emails***

**RFP No. 1.**  Plaintiff requests all emails sent to or from her work email address from April 2015 through April 5, 2018.  Solara objected to the request, arguing that it is far too broad and ambiguous.  While not at all ambiguous, the request is broad in its scope.  Not each and every email in Plaintiff's email accounts is relevant or necessary to prove the claims in this case.  However, emails located in Plaintiff's work email account that relate to her performance, duties, and pay clearly are and should be provided.  Solara contends that it has since turned over thousands of emails, but it has not provided information about what types of emails were turned over, where the emails came from, and whether they include emails from Plaintiff's work accounts.  Solara is directed to comply with Plaintiff's request for relevant emails from her work account or certify that it has already provided them to her.

---

[8] Fed. R. Civ. P. 26(b)(1).

[9] *See Lind v. United States,* No. 13-cv-032, 2014 WL 2930486, at * 3 (D. Ariz. June 30, 2014); *Integrated Global Concepts, Inc. v. j2 Global, Inc*., No. 5:12-cv-03434, 2014 WL 232211, at *1 (N.D. Cal. Jan. 21, 2014).

**RFP No. 2.** Plaintiff requests all emails from April 2015 through April 5, 2018 sent by or to Joe Saunders that mention her name. Again, while the request is quite broad in its scope, it does touch on relevant material. Any emails sent by or to Plaintiff's supervisor on his Solara email accounts relating to Plaintiff's performance, duties, pay, or age are relevant here and should be turned over. To the extent Plaintiff asks that emails from her supervisor's personal accounts be turned over, there is no basis to suggest that Solara has possession or control over such emails or that her supervisor conducted business through his personal email accounts. Again, Solara contends that it has since turned over thousands of emails but has not provided information about what types of emails were turned over, where the emails came from, and whether they include emails from Joe Saunders's work accounts. Solara is directed to comply with Plaintiff's request for relevant emails from Joe Saunders's work email accounts or certify that it has already provided them to her.

**RFP No. 3.** Plaintiff requests all emails from April 2015 through April 5, 2018 sent to or by Trisha Torborg through her personal email accounts and any other email or messaging accounts "that Defendant has possession and/or control to access" and that mention Plaintiff's name. Emails sent to or by Trisha Torborg that are covered by RFP Nos. 1 and 2 are of course discoverable. That is, relevant email exchanges between Plaintiff and Trisha Torborg or Joe Saunders and Trisha Torborg found in Solara email accounts are within Solara's possession and control and are discoverable. Solara has no obligation or ability to search Torborg's personal email accounts for relevant exchanges.

**RFP No. 4.** Plaintiff more specifically asks for any exchanges between Joe Saunders and Trisha Torborg that mention Plaintiff's name. Again, emails sent to or by Trisha Torborg that are covered by RFP No. 2 are discoverable. That is, relevant email exchanges between Joe Saunders and Trisha Torborg found on Solara email accounts are within Solara's possession and control and are discoverable. Outside of that, Solara's objection to such a request is well-founded.

**RFP Nos. 5-9.**  Five of Plaintiff's requests for production address emails between Joe Saunders and people alleged to be Solara co-owners.  As was the case with RFP No. 4, emails sent to or by the various co-owners that are covered by RFP No. 2 are discoverable—relevant email exchanges between Joe Saunders and others found in Solara email accounts are within Solara's possession and control and discoverable.  Otherwise, Solara's objections to these requests are well-founded.

*Pay information*

**RFP No. 11.**   Plaintiff asks for all of her payroll records, including time cards and detailed pay stubs, from April 2015 to April 2018.  Solara provided payroll summaries but not pay stubs or time cards.  Plaintiff's pay is relevant to this fair wage and age discrimination action, and the court sees no reason to withhold specific items related to her pay.  Therefore, Solara must comply with RFP No. 11 in its entirety and provide any and all pay records for Plaintiff in its possession.

**RFP No. 10.**   Plaintiff asks Solara to produce all payroll records, including time cards and pay stubs, for Trisha Torborg for the period of January 1, 2016 through April 1, 2018.  Solara objects on all available grounds: vagueness, overbreadth, burden, relevancy, and privacy.  The court concludes that pay information for fellow Solara employee Trisha Torborg is potentially relevant to the claims here.  Given the allegations of favorable treatment and their similar job positions, information about Trisha Torborg's pay, time worked, bonuses, and overtime are potentially relevant to both Plaintiff's age discrimination claim and her fair wage claim. Due to the confidential nature of the requested information, the Court directs the parties to confer and submit a proposed protective order.

**RFP No. 12.**  Plaintiff also requests all payroll records for her supervisor, Joe Saunders.  Unlike the request for Trisha Torborg's pay information, the relevance of Joe Saunders pay is unclear to the court.  Her age discrimination claim does not allege disparate treatment compared to Saunders and the two did not hold the same positions

within the company.  Plaintiff has not met her burden to show why information regarding Joe Saunders pay is likely to lead to relevant evidence.

*Job duties*

**RFP No. 17.**  Plaintiff asks Solara for "all information [Plaintiff] stored on the Solara, LLC computer and Microsoft Outlook programs, including calendars, contact, schedules, tasks and employee comments and attendance records."  The court agrees with Solara that such a request is far too broad and burdensome. Asking for all data she ever entered on a computer is not proportional to the needs of the case.  What Plaintiff did on a daily basis and the extent of her supervisory duties is information within her knowledge and the burden of gathering all such data outweighs any potential relevancy of the information.

**RFP No. 18.**  This RFP similarly seeks a broad swath of data, with Plaintiff asking for three years of "point of sale (pos) logs, time sheets, cashier count sheets, cashier logs, sales invoices, and daily sales records."  Details about every transaction in the store and the time spent on all sales by each employee over a period of three years is not proportional to the needs of the case.  The relevancy of the data derived from such a request is likely to be minimal and outweighed by the burden involved in gathering the information.  However, to the extent Solara already possesses any data or reports that summarize employee sales or time spent on various tasks, such information is relevant and must be produced.

**RFP No. 22.**  Plaintiff requests all commission related sales reports from January 1, 2015 through December 31, 2018.  Plaintiff argues that such information is relevant to her fair wage claim and the issue of her job classification.  She asserts that information about what she earned in sales commissions in relation to other employees, including those she supervised, is relevant to the issue of whether she primarily performed nonexempt duties.  The court is persuaded that the request is reasonably calculated to lead to relevant evidence.  Solara has not demonstrated with any particularly that the information is not available or too burdensome to generate.

**RFP No. 30.** Plaintiff asks Solara to produce copies of all "standard operating procedures" for the company that were in use during the relevant time period. Although it is not entirely clear what specific procedures Plaintiff is requesting, employee and managerial manuals, handbooks, policy statements and other similar materials would be relevant to Plaintiff's claims. To the extent such materials exist, there should be minimal effort in finding and providing Plaintiff with a copy.

**RFP No. 39.** Plaintiff asks that Solara provide the "Employee Consult Reports" from 2015-2018 related to a variety of brands and/or products that, presumably, Solara sells to its customers. Her request is limited to the reports for her and Trisha Torborg. Plaintiff's consult reports are reasonably likely to contain information about the time Plaintiff spent consulting, which is potentially relevant to her wage claim. Solara's concern about privacy of third-party information contained in such reports is valid but presumably any names or personal identifiers can be redacted. As to the reports for Trisha Torborg's consult reports, while a closer call, the court concludes the request is reasonably calculated to lead to relevant evidence, shedding light on how the two employees spent their time and performed against one another. Solara has not demonstrated with any particularly that the information is not available or too burdensome to generate. A stipulated protective order will suffice to address any privacy concerns.

**RFP Nos. 16, 33, 42.** Plaintiff asks for materials related to Solara's day-to-day operations. She asks Solara to provide "inventory numbers" for 2015 through 2018, all "payment records and statements" made to certain vendors, and petty cash reports and receipts. The court finds these requests to be outside the scope of discovery needs for this case. Even if inventory numbers, petty cash amounts, and payments made to various vendors could help recreate her daily schedule and tasks or demonstrate how she spent her time in comparison to others, the burden and expense of gathering information about every product coming into and out of the store and all bills paid and money exchanged at the store far outweighs any benefit of the evidence.

*Solara's business information*

**RFP No. 13.** Plaintiff initially asked for a variety of information about Solara's business and its finances, such as identification of all ownership interests and emails discussing ownership, information about the company's valuation, information about possible sale of shares, and the company's profit and loss statements, financial records, and income tax records. After receiving Solara's responses, Plaintiff appears to have dropped most of these requests except for one. She continues to ask for all records of board or employee meetings from June 2015 through 2018 that deal with Solara's valuation or any sale of shares. Plaintiff has not explained how Solara's finances are relevant to Plaintiff's fair wage and age discrimination claims, nor can the court see any relevance.

**RFP No. 29.** Plaintiff also requests that Solara provide "Board of Directors Meeting Packet[s] and accompanying reports" from June 2015 though 2018. This request is far too broad. Any votes taken or meetings held that discuss or relate to Plaintiff's job duties, performance, age, or termination are relevant and should be turned over. No other board items need to be provided.

## V.  CONCLUSION

Based on the foregoing, Plaintiff's motion to compel at docket 21 is GRANTED IN PART in accordance with the discussion above. The motion at docket 26 requesting oral argument is DENIED. The parties shall confer and prepare a proposed protective order regarding any third-party confidential information on or before November 25, 2019. Solara shall comply with this order by providing the requisite supplemental discovery on or before November 29, 2019.

DATED this 11th day of November 2019.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT